IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE CINCINNATI CASUALTY COMPANY<br>6200 South Gilmore Road<br>Fairfield, OH 45014<br>　　　　Plaintiff,<br>v.<br>SOUTHERN MECHANICAL, LLC d/b/a<br>ENERGY-ONE<br>197 James P. Murphy Highway<br>West Warwick, RI 02893<br>　　　　Defendant. | CIVIL ACTION<br><br>CASE NO.:<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, The Cincinnati Casualty Company, as subrogee of Andrew McClatchy and Debra McClatchy, by way of Civil Action Complaint against Defendant, Southern Mechanical, LLC d/b/a Energy-One, alleges as follows:

## THE PARTIES

1. Plaintiff, The Cincinnati Casualty Company ("Plaintiff"), as subrogee of Andrew McClatchy and Debra McClatchy (the "Insureds"), is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 6200 South Gilmore Road, Fairfield, OH 45014.

2. Defendant Southern Mechanical, LLC d/b/a Energy-One ("Defendant") is a limited liability company organized and existing under the laws of the State of Rhode Island with a registered business address located at 197 James P. Murphy Highway, West Warwick, RI 02893.

3. After reasonable inquiry and investigation, Defendant is believed to be comprised of a single member, Thomas A. Vassella, who is an adult individual and citizen of the State of

Rhode Island with a residential address located at 197 James P. Murphy Highway, West Warwick, RI 02893.

4. For purposes of diversity jurisdiction, Defendant is considered a citizen of the State of Rhode Island because its principal place of business is located within that sate and its member is a citizen of that state.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6. Venue in this Court is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions which gave rise to the Plaintiff's claims asserted herein occurred within the District of Rhode Island.

7. At all times material hereto, Defendant regularly conducted business in and maintained substantial and continuous contacts within the District of Rhode Island.

## BACKGROUND

8. At all times material hereto, Plaintiff's Insureds were the owners of the real property and improvements thereon located at 70 Cold Spring Lane, North Kingstown, RI 02852 (the "Premises").

9. At all times material hereto, Plaintiff was duly authorized to issue policies of insurance in the State of Rhode Island.

10. At all times material hereto, Plaintiff provided insurance coverage to its Insureds for the Premises and the contents therein pursuant to policy of insurance (the "Policy").

11. Prior to and/or on May 25, 2021, Defendant was retained, hired, and/or contracted to perform certain inspection, maintenance, and/or repair services of a toilet located within the Insureds' Premises, including, but not limited to, the replacement of a water supply line to the toilet (the "Services").

12. Prior to and/or on May 25, 2021, Defendant undertook to perform the Services at the Premises.

13. On oar about May 25, 2021, a water loss incident occurred at the Premises (the "Incident") due to the negligence and/or other liability producing conduct of the Defendant.

14. Specifically, the Incident was caused to occur because the Defendant failed to properly connect the water supply line between the water valve and the toilet, which in turn permitted water to discharge throughout the Premises.

15. As a result of the Incident, Plaintiff's Insureds sustained substantial damage to the Premises and the contents therein.

16. As a result of the Incident, and pursuant to the Policy issued to the Insureds by Plaintiff, Plaintiff made payments to, or on behalf of, its Insureds in an amount in excess of $720,057.61.

17. By virtue of the payments made to, or on behalf of, its Insureds, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insureds as against the Defendant, to the extent of said payments.

## COUNT I – NEGLIGENCE
### (Plaintiff v. Defendant)

18. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

19. The Defendant had a duty to exercise reasonable care in performing the Services so as to prevent and/or avoid reasonably foreseeable harm to others.

20. The Defendant had a duty to comply with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in performing the Services so as to prevent and/or avoid reasonably foreseeable harm to others.

21. The Defendant had a duty to comply with all acceptable industry standards and codes in performing the Services so as to prevent and/or avoid reasonably foreseeable harm to others.

22. The Defendant, through the acts and omissions of its agents, servants, workmen, contractors and/or employees, breached its duties of care by performing the Services in an improper, unreasonable, negligent, and/or careless manner, both generally and specifically as follows by:

    a. Failing to exercise reasonable care in performing the Services;

    b. Failing to perform the Services in a careful and workmanlike manner;

    c. Failing to properly connect the water supply line between the water valve and the toilet;

  d. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure the exercise of reasonable care in performing the Services;

  e. Failing to adequately instruct, train, monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees as to the proper ways to perform the Services;

  f. Failing to establish, provide, implement, and/or follow proper and adequate controls so as to ensure the proper performance of the Services;

  g. Failing to comply with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in performing the Services;

  h. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in the performance of the Services;

  i. Failing to comply with all acceptable industry standards and codes in the performance of the Services;

  j. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with all acceptable industry standards and codes in the performance of the Services;

  k. Failing to ensure that the Premises was in a reasonably safe condition at all times;

   l. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure that the Premises was in a reasonably safe condition at all times;

   m. Failing to exercise reasonable care in retaining competent, qualified, and/or able agents, servants, workmen, contractors and/or employees to properly perform the Services;

   n. Failing to exercise reasonable care in investigating and/or assessing the competency, qualifications, level of expertise, and/or skills of its agents, servants, workmen, contractors and/or employees to properly perform the Services;

   o. Utilizing person(s) and/or entities to perform the Services when it knew or should have known that such person(s) and/or entities lacked the requisite, proper, and/or adequate competency, qualifications, level of expertise, and/or skills to properly perform said activities;

   p. Failing to perform the Services so as not to create a foreseeable risk of harm to others or property;

   q. Permitting a defective and dangerous condition to exist at the Premises that created an unreasonable risk of harm to others or property, of which it knew, or in the exercise of reasonable care, should have known;

   r. Failing to take necessary and reasonable precautions in order to safeguard others or property against the risk of harm from a water loss; and

   s. Otherwise failing to exercise reasonable care, as disclosed during the discovery process.

23. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of the Defendant as aforesaid, the Incident occurred causing substantial damages to the Premises and its contents therein.

24. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of the Defendant as aforesaid, Plaintiff's Insureds sustained substantial losses.

25. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of the Defendant as aforesaid, and pursuant to insurance policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its Insureds in an amount in excess of $720,057.61.

26. By virtue of the payments made to, or on behalf of, its Insureds, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insureds as against the Defendant to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against the Defendant in an amount in excess of $720,057.61, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

## COUNT II – RESPONDEAT SUPERIOR LIABILITY
### (Plaintiff v. Defendant)

27. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

28. At all times material hereto, the presently unknown individual who performed the Services was the agent, servant, and/or employee of the Defendant.

29. At all times material hereto, the presently unknown individual who performed the Services was acting in the course and scope of his employment and agency relationship with the Defendant.

30. Under the doctrine of *Respondeat Superior*, the Defendant, as the master of the presently unknown individual who performed the Services, is vicariously liable for the improper, unreasonable, negligent, and/or careless acts and/or omissions of said individual as aforesaid.

31. Under the doctrine of *Respondeat Superior*, the improper, unreasonable, negligent, and/or careless acts and/or omissions of the presently unknown individual are imputed to the Defendant.

32. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of the Defendant as aforesaid, the Incident occurred causing substantial damages to the Premises and its contents therein.

33. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of the Defendant as aforesaid, Plaintiff's Insureds sustained substantial losses.

34. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of the Defendant as aforesaid, and pursuant to insurance policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its Insureds in an amount in excess of $720,057.61.

35. By virtue of the payments made to, or on behalf of, its Insureds, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insureds as against the Defendant to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against the Defendant in an amount in excess of $720,057.61, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

### COUNT III – BREACH OF CONTRACT
### (Plaintiff v. Defendant)

36. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

37. Prior to and/or on May 25, 2021, Plaintiff's Insureds and the Defendant entered into certain agreements pursuant to which the Defendant agreed to perform the Services in consideration for certain payments.

38. Upon information and belief, in order to induce Plaintiff's Insureds to enter into the aforesaid agreement, the Defendant represented that it possessed the necessary knowledge, training, and skill to perform the Services with regard to the Premises.

39. Upon information and belief, the agreement between Plaintiff's Insureds and the Defendant included an express warranty that all work would be performed in a workmanlike manner.

40. The agreement between Plaintiff's Insureds and the Defendant included certain implied warranties that all work would be performed in a competent and workmanlike manner, with the necessary knowledge, skill, care, and ability.

41. Upon information and belief, all conditions precedent to and all obligations of Plaintiff's Insureds under the agreement with the Defendant were performed.

42. The Defendant, through the acts and omissions of its agents, servants, workmen, contractors and/or employees, breached the agreement with Plaintiff's Insured as follows:

    a. Failing to properly perform the Services;

    b. Failing to perform the Services in a competent and workmanlike manner; and

    c. Failing to properly connect the water supply line between the water valve and the toilet.

43. As a direct and proximate result of the Defendant's breaches as aforesaid, the Incident occurred causing substantial damages to the Premises and its contents therein.

44. As a direct and proximate result of the Defendant's breaches as aforesaid, Plaintiff's Insureds sustained substantial losses.

45. As a direct and proximate result of the Defendant's breaches as aforesaid, and pursuant to insurance policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its Insureds in an amount in excess of $720,057.61.

46. By virtue of the payments made to, or on behalf of, its Insureds, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insureds as against the Defendant to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against the Defendant in an amount in excess of $720,057.61, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

### COUNT IV – BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE
(Plaintiff v. Defendant)

47. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

48. Prior to and/or on May 25, 2021, the Defendant was retained, hired, and/or contracted by Plaintiff's Insureds to perform the Services with regard to the Premises.

49. The agreement between Plaintiff's Insureds and the Defendant included certain implied warranties that all work would be performed in a competent and workmanlike manner, with the necessary knowledge, skill, care, and ability.

50. The Defendant, through the acts and omissions of its agents, servants, workmen, contractors and/or employees, breached the implied warranty of workmanlike performance by:

   a. Failing to properly perform the Services consistent with the standards of work in Rhode Island;

   b. Failing to perform the Services in a competent and workmanlike manner; and

   c. Failing to properly connect the water supply line between the water valve and the toilet.

51. As a direct and proximate result of the Defendant's breach of the implied warranty of workmanlike performance as aforesaid, the Incident occurred causing substantial damages to the Premises and its contents therein.

52. As a direct and proximate result of the Defendant's breach of the implied warranty of workmanlike performance as aforesaid, Plaintiff's Insureds sustained substantial losses.

53. As a direct and proximate result of the Defendant's breach of the implied warranty of workmanlike performance as aforesaid, and pursuant to insurance policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its Insureds in an amount in excess of $720,057.61.

54. By virtue of the payments made to, or on behalf of, its Insureds, and in accordance with the terms and conditions of the Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its Insureds as against the Defendant to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against the Defendant in an amount in excess of $720,057.61, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims.

Respectfully submitted,
Plaintiff,
By Their Attorney,

/s/ Mark A. Fay
Mark A. Fay, Esquire #4208
MURPHY & FAY, LLP
127 Dorrance Street, 2nd Floor
Providence, RI  02903
Tel: 401-490-3200
Fax: 401-490-3207